## SNIPES v. ATLANTIC COAST LINE R. R. CO.

1. HIGHWAYS—BRIDGES—NEGLIGENCE—PROXIMATE   CAUSE.—Where   a mule drawing a buggy falls through a break in a bridge, and in trying to extricate itself falls on its driver and breaks his arm, the proximate cause of the injury to the man is the break in the bridge.

2. CONTRIBUTORY NEGLIGENCE.—Where contributory negligence is not pleaded, defendant cannot complain of Judge's submitting to the jury the law of that defense.

3. HIGHWAYS—PROXIMATE CAUSE—NEGLIGENCE.—If one goes to the assistance of his animal in peril by reason of a break in a bridge on a highway, in the face of obvious danger, and is thereby injured, he cannot recover against him through whose negligence the animal was put in danger, but the rule is different, if in so doing he act as a reasonably prudent and humane person would act under same circumstances.

4. CHARGE.—If a party desire more than a general statement of a legal proposition, he must submit request covering his view, before he can complain of error, if the general statement be correct.

Before DANTZLER, J., Marion, June, 1903.   Affirmed.

Action by Robert C. Snipes against Atlantic Coast Line R. R. Co.   From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox, Montgomery & Lide, Mullins & Hughes,* and *Henry E. Davis,* for appellant. *Messrs. Willcox & Willcox* and *Davis,* cite: *What is meant by proximate cause:* 36 Am. St. R., 807; 52 N. H., 552; 65 Me., 449; 95 U. S., 117; 33 Md., 542; 6 Am. St. R., 521; 31 S. C., 398; 94 U. S., 469; 20 Am. St. R., 848; Add. on Torts, Sec. 66; Cool. on Torts, 69; 53 Am. St. R., 611. *When proximate cause is a question for the jury:* 2 McM.,

403; 8 Rich., 120; 72 S. C., 336; 51 S. C., 296; 31 S. C., 393; 38 S. C., 282; 40 S. C., 300; 54 S. C., 509; 72 S. C., 392; 105 U. S., 249; 23 Am. St. R., 192; 2 Am. St. R., 607; 27 Am. St. R., 653. *Charge as to contributory negligence, when no such defense was set up, tended to mislead the jury:* 15 S. C., 95; 55 S. C., 249; 59 S. C., 322; 61 S. C., 345, 486; 62 S. C., 141; 70 S. C., 470. *Defendant was entitled to have proximate cause fully explained to jury:* 11 Ency. P. & P., 204; 16 Ency., 431. *How far can a person go in his efforts to save property:* 72 S. C., 104; 55 Am. R., 703.

Other counsel for appellant make no other citations, except on last point: 42 N. E., 579.

*Messrs. Fred. D. Bryant* and *Livingston* and *Gibson,* contra. *Mr. Livingston* cites: *Railroad Co. is ordinarily liable to one injured on its crossings of a highway by reason of its negligence:* Chitty on Pleads., 126; 5 Coke, 73; 8 Allan, 560; 55 Vt., 584; 1 Thomp. on Neg., 328, 343; 32 N. W. R., 234; 3 Elliott on R. R., 1176; 18 S. E., 652; 31 St. R., 451; 67 S. C., 499; 31 S. C., 393. *Right of action is given by statute:* 1 Bed. on Ry., 384; 8 Ency., 363, 369, 375; 13 A. & E. R. R. Cos., 606; 32 Id., 134; 34 Id., 6; 23 Id., 322.; 30 S. C., 543; 31 Id., 393; 25 Id., 53; 47 Id., 28. *Proximate cause is for jury:* 27 S. C., 268; 55 S. C., 179; 21 Ency., 498, 506; 51 S. C., 294; 54 S. C., 498. *What is proximate cause?* 1 Strob., 525; 54 S. C., 505; 1 Sher. on Rev. on Rys., Secs. 93, 94; 21 Ency., 483 Et. Seq.; 94 U. S., 169; 95 Id., 117; 105 Id., 249; 36 Am. St. R., 808.

March 4, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence and wilfulness of the defendant, in failing to

keep its bridge which crosses the public highway, in proper repair.

The complaint alleges that the plaintiff, while traveling in a buggy drawn by a mule, and while attempting to drive over defendant's bridge, at a point where the public highway crosses the railroad, the foot of his mule became fast in the break of the bridge, and in its frantic efforts to relieve itself, the mule fell upon him and caused him serious injury.

The answer set up (1), a general denial; (2) that the bridge was safely constructed, and plaintiff's own negligence in using it, was the sole cause of the accident; (3) that the injuries of the plaintiff were not due to defendant's negligence as a proximate cause, but solely to the negligence of the plaintiff, in voluntarily placing himself in a place of danger.

The defendant made a motion for a nonsuit on the ground that the testimony showed conclusively that the plaintiff's injuries were not due to the negligence of the defendant as a proximate cause.  The motion was refused.

The jury rendered a verdict in favor of the plaintiff for $1,500.00.

There was a motion for a new trial, which was also refused, and the defendant appealed to this Court.

The first question that will be considered is, whether his Honor, the presiding Judge, erred in refusing the motion for nonsuit.

The appellant's attorneys, in their argument, admit, that the motion for a nonsuit was virtually a demurrer to the complaint, on the ground that it failed to state a cause of action, for the reason that the alleged negligence of the defendant was not the proximate cause of the injury, and, therefore, not actionable.

The case of *Cooper* v. *Richland Co.,* which has just been filed, shows that the nonsuit was properly refused.

The next assignment of error is presented by the fourth exception, which is as follows: "Because, it is respectfully

14—76

submitted, his Honor, the presiding Judge, erred in charging the jury the law relating to contributory negligence, when that defense was not set up by the defendant, said portion of said charge being irrelevant and tending to mislead the jury, because of its inconsistency with one of the defenses relied on by defendant, to wit: that plaintiff's alleged injuries were not due to defendant's alleged negligence as a proximate cause."

The answer did not set forth any facts which could not have been offered in evidence under the general denial. The presiding Judge simply defined contributory negligence; and, instead of being prejudicial to the defendant, the tendency of his charge was to give the defendant the benefit of a defense, which had not been pleaded. While the plaintiff might have had just cause to complain, the defendant certainly had none.

The fifth exception is as follows: "Because, it is respectfully submitted, his Honor, the presiding Judge, erred in refusing to charge defendant's third and fourth requests to charge, as follows:

"III. If the jury find from the evidence that the injury complained of ,resulted from the voluntary act of the plaintiff in going to the aid of his mule, he will not be entitled to recover in this action.

" 'IV. If the jury find from the evidence, that the plaintiff was in no immediate danger himself, and that he voluntarily placed himself in danger, and thereby received the injury complained of, he cannot recover against the defendant.

"Without modifying them, as to the third request, by saying: 'I cannot charge that proposition. I will charge it in a modified form: He would not be entitled to recover, if he went there in the face of obvious danger;' as to the fourth request, by saying: 'That is, in obvious danger, and thereby on account of placing himself in such obvious danger—on that account—received the injury complained of, he cannot recover against the defendant'—in that if the

alleged injuries to plaintiff were not due as a proximate cause to the alleged negligence of defendant, he could not recover, even if the danger referred to was not obvious."

This exception is disposed of by the case of *Cooper* v. *Richland Co.,* which has just been filed.

The next assignment of error is presented by the sixth exception, which is as follows: "Because, it is respectfully submitted, his Honor, the presiding Judge, erred in failing to explain to the jury clearly and fully the law relating to proximate cause, when requested to do so by defendant's counsel; so that the defense, that plaintiff's alleged injuries were not due to defendant's alleged negligence as a proximate cause, upon which defendant largely relied, was not properly before the jury."

The presiding Judge, in pursuance of a request by the appellant's attorneys, to explain to the jury what was proximate cause, said: "Proximate cause is the immediate as contradistinguished from an intermediate cause."

It is not contended that this was an erroneous statement of the law, but that the Circuit Judge did not clearly and fully explain the law relating to proximate cause.

The case of *State* v. *Adams,* 68 S. C., 421, 47 S. E., 676, which has been followed in several subsequent cases, shows that this exception cannot be sustained.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.