8412

BERGER v. CHARLESTON CONSOLIDATED RAILWAY, GAS AND ELECTRIC CO.

1. PARENT AND CHILD—RAILROADS—STREET RAILWAYS.—THE CONTRIBUTORY NEGLIGENCE of one to whom the father has entrusted the care of his child will defeat *his* action for loss of services of the child and for hospital and medical expenses and maintenance of child in its maimed condition, caused by its being run over by a street car.

2. RAILROADS—STREET RAILWAYS—CHARGE.—While it is better for the Court in instructing the jury to refrain from making a conditional statement of particular acts of negligence alleged, still the instruction here complained of *held* to be a statement in the concrete of the duty of the conductor and motorman in the particulars mentioned.

Before SEASE, J., Charleston, October term, 1911. Affirmed.

Action by Martin K. Berger against Charleston Consolidated Railway, Gas and Electric Company. Plaintiff appeals.

*Messrs. W. A. Holman* and *Logan & Grace,* for appellant. *Mr. Holman* cites: *Negligence of parent cannot be imputed to the child:* 66 S. C. 47; 84 S. C. 552. *There being no evidence of contributory negligence, it was error to submit that defense to the jury:* 88 S. C. 221.

*Messrs. Mordecai* and *Gadsden, Rutledge* and *Hagood,* contra. *Mr. Hagood* cites: *The doctrine of contributory negligence of the parent applies in an action by the parent:* 66 S. C. 51; 1 Thomp. on Neg. 312; 2 Thomp. 1432; 2 Rorer on R. R. 1070; Schouler on Domestic Relations 301; 3 Hutch. on Con. 1648; 29 Cyc. 555; 109 Ky. 41; 23 S. W. 589; Beach on Con. Neg. 37; 10 Ohio 399; 20 S. E. 550. *Statement of a set of facts in a hypothetical way is not a charge on the facts:* 80 S. C. 531; 58 S. C. 373; 88 S. C. 565; 63 S. C. 243; 88 S. C. 520.

January 13, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Elinor Berger, a daughter of the plaintiff, of the age of four years, was run over by a car of the defendant company on King street in the city of Charleston. The accident resulted in the loss of both feet, and in an action brought in behalf of the child, a judgment of $6,000 was recovered for the injuries inflicted. Afterwards, Martin K. Berger, the father of Elinor, brought this action to recover for hospital and medical expenses, for maintenance of the child in her maimed condition and for loss of her services. The defendant set up the defense of contributory negligence, "in that the parent and custodian of said infant suffered, permitted and allowed the said infant, of the age of four years, as in plaintiff's complaint stated, to attempt to cross, in the middle of the block, a populous, public street of the city of Charleston on a day and hour when said street is well known to be more populous than at any other time, and the parent (the mother and custodian) then and there crossed the said street accompanied by an elder daughter then thirteen years of age, themselves ahead of, and in front of, said infant, without taking any heed of an approaching car and without accompanying, helping, assisting or in any manner supervising the

conduct of said child, who was then and there attempting to follow its mother and sister across the street." By a demurrer to the answer and by a request to charge, the plaintiff asked the Court to hold that inasmuch as the mother and not the father had the custody of the child at the time of the injury the negligence of the mother could not defeat the recovery by the father for damages inflicted on him. The Court held the contrary, overruled the demurrer, and charged the jury that the contributory negligence of the mother would defeat the action, if the child was left in her charge by its father.

In this State the general rule is that the father has the custody of his children, and upon him is imposed the duty of seeing that they are kept in safety. The presumption is that the father of a little child consents that its mother shall have the care of it and provide for its well being and safety when it is not under his immediate control. In this case, besides the presumption, the father testified that he was away from home when the accident occurred, and that he had left the child in its mother's care. The doctrine is settled beyond dispute that while contributory negligence of one in charge of a child will not be imputed to a child of tender years to defeat an action on its behalf, yet in an action by the parent to recover for loss of services and other like damages to him from the injury of his child, his contributory negligence or that of the person to whose care he has intrusted the child, will be a complete defense. 29 Cyc. 546; 1 Thompson on Negligence, sec. 330. In *Watson* v. *Southern Ry.*, 66 S. C. 47, the Court says: "There is a distinction, however, between actions by or in the name of infants for personal injuries and actions by the parent for injury to the parent resulting from injury to the child, as, for example, for loss of services of the child. In such cases the ordinary rule of contributory negligence prevails, and if the parent's negligence has proximately con-

tributed to the injury, he cannot recover because he helped to bring about his own injury and not because his negligence is imputable to the child. But the present action is under the statute commonly referred to as the Lord Campbell's act, and is neither in the name of the infant nor in the name of the parent or guardian, but is by the administrator of the infant as designated by the statute for the benefit of the parents. It has been decided that the right of action under this statute is a new one, and not a mere revival of the cause of action which belonged to the intestate. *In re Est. Mayo,* 60 S. C. 413; 38 S. E. R. 604. But the right of the administrator to recover depends upon whether the deceased, if he had lived, would have had a right to recover. *Mayo's case, supra; Price* v. *R. R.,* 33 S. C. 556, 12 S. E. R. 413; *Reed* v. *R. R.,* 37 S. C. 42, 16 S. E. R. 79; sec. 2851, Code 1902. If, therefore, the intestate, if he had lived, could have recovered notwithstanding the contributory negligence of his custodian, so also may the plaintiff administrator in this action recover, notwithstanding the negligence of the intestate's custodian, if he had one present at the time of the killing—provided, of course, that the death was proximately caused by the defendant's negligence." Since there was evidence to go to the jury on the subject of contributory negligence of the mother, in whose care the child had been left by the father, the exceptions on this point must be overruled.

The plaintiff complains of the following instructions given at the instance of the defendant as a charge on the facts: "The jury is instructed that if they find from the testimony that the speed of the car was not excessive, and that the motorman had the car under control, and that there was nothing to show that the motorman was not attending to his business, and that he stopped the car as quickly as possible, as soon as, from the situation, he had reason to suppose that the child would attempt

to cross in front of the car, if he exercised that care and prudence that any man of ordinary prudence and care would have exercised, under the circumstances, the plaintiff cannot recover." It would have been better for the Circuit Judge to have refrained from delivering a statement of particular acts of alleged negligence or to have embraced them in his statement, but taking the instruction as a whole, it was, in effect, saying to the jury that the plaintiff could not recover if the motorman was careful, in that he was not running at an excessive speed, in that he had his car under control, in that he was attending to his duties, in that he stopped the car as quickly as possible as soon as he had reason to suppose the child would attempt to run in front of it, and in that he exercised generally the care and prudence ordinarily exercised by a prudent and careful man. This was merely stating in a concrete way that if the proof showed due care in the particulars mentioned and due care generally in the entire matter by the defendant's agent the plaintiff could not recover. Such a proposition states no facts and is not a charge on the facts.

Affirmed.