### CIRSOSKY v. SMATHERS

#### (122 S. E., 864)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PARENTS NOT IMPUTABLE TO CHILD.—Contributory negligence of parents or custodian will not prevent recovery in an action by injured child.

2. PARENT AND CHILD—PARENT'S CONTRIBUTORY NEGLIGENCE BARS RECOVERY FOR INJURY TO CHILD.—In an action by parent in individual right for loss of services of injured child, parent will be concluded by his contributory negligence.

3. NEGLIGENCE—ADMINISTRATOR NOT CONCLUDED BY CONTRIBUTORY NEGLIGENCE OF DECEASED CHILD'S CUSTODIAN.—In an action by administrator of a child for the benefit of statutory beneficiaries, administrator will not be concluded by contributory negligence of the child's custodian who is not a beneficiary.

4. DEATH—CONTRIBUTORY NEGLIGENCE OF BENEFICIARY BARS RECOVERY. —An action by administrator of a child for benefit of statutory beneficiaries will be concluded by contributory negligence of parent or custodian who is the beneficiary.

5. MUNICIPAL CORPORATIONS—STATUTE REGULATING SPEED OF VEHICLES APPROACHING HIGHWAY CROSSING INAPPLICABLE TO STREET CROSSING. —Cr. Code 1922, § 582, regulating speed of vehicles approaching highway crossing has no application to city street crossing, in view of Section 580.

6. MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCE MUST BE PROXIMATE CAUSE OF INJURY.—Though a violation of an ordinance prohibiting operation of an automobile by unlicensed person and one under sixteen is negligence *per se*, it must be the proximate cause of the injury to render defendant liable.

Before RICE and TOWNSEND, Judges, Charleston, April Term, 1923. Affirmed.

Action by J. A. Cirsosky as administrator against H. A. Smathers. Judgment for defendant and plaintiff appeals.

Note: On contributory negligence of parent or custodian as bar to an action by child for negligent injuries, see notes in 21 L. R. A., 76; 18 L. R. A. (N. S.), 320.

On contributory negligence of parent as bar to action by parent or administrator for death of child, see note in 23 A. L. R., 670.

*Messrs. Shimel & Rittenburg,* for appellant, cite: *Demurrer to defense of contributory negligence:* 66 S. C., 47; 119 S. C., 790. *Judge's charge on law of crossings:* 87 S. E., 66; 108 S. E., 919; 94 U. S., 469; 184 Mo. App., 420; 93 S. E., 256; 104 S. C., 215. *Liability and negligence of minor's father:* 90 S. E., 134; 81 S. C., 1066. Berry on Automobiles: Sec 196, 603, 656 and 657; 91 Misc. (N. Y.), 248; 124 N. Y., 249; 133 S. W., 351; 157 N. W., 962; 26 Cyc., 1221.

*Mr. Paul M. Macmillan,* for respondent, cites: *Negligence of parents:* 115 S. C., 168; Cyc. (29), 1643; 202 Pac., 401; Note 23 A. L. R., 674. *Judge's charge on crossing law:* 69 S. C., 1. *Public Highways:* Code 1922, Sec. 2906. *Charter of City of Charleston* (1783): 108 S. C., 259. *Charge as to driver's license:* Berry on Automobiles (2nd Ed.), 229; 209 Mass., 155. *New trial:* 95 S. C., 471.

April 23, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of alleged wrongful death of the plaintiff's intestate, his daughter, a little girl aged about 5 years, who was run over and killed by an automobile, belonging to the defendant, driven by his son, a boy under 16 years of age.

The complaint contains allegations of various acts of negligence which need not be detailed. The answer contains a denial of the material allegations of the complaint, and sets up the contributory negligence of the parents of the child as a defense, in that they permitted the child "to attempt to cross in the middle of a crowded thoroughfare of the city of Charleston unattended, and without accompanying, helping, assisting, or in any manner supervising the conduct of the child." The plaintiff demurred to the defense of contributory negligence, and the demurrer coming on to be heard by his Honor, Judge Townsend, was

overruled. The case was at a later time tried before his Honor, Judge Rice, and a verdict for the defendant was rendered. The plaintiff has appealed.

The plaintiff appellant relies upon the following propositions for a reversal of the judgment in favor of the defendant:

(1) That his Honor, Judge Townsend, committed error in overruling the plaintiff's demurrer to the defense of contributory negligence on the part of the parents of the child.

(2) That his Honor, Judge Rice, committed error in excluding from the consideration of the jury the law regulating the speed of automobiles at highway crossings and the facts in connection therewith.

(3) That his Honor, Judge Rice, committed error in charging the jury that the mere fact that the automobile was being operated by a youth, with the permission of his father, without a license (in conformity with the ordinance of the city of Charleston), would not render the father liable for any injury caused by the youth, in the absence of evidence of a negligent operation of the car.

As to the first proposition:

1-4  It is generally, and we think properly, conceded that in an action by the injured child it will not be concluded by the contributory negligence of the parents or custodian, that in an action by the parent in his individual right, as for loss of services of the child, the parent so suing will be concluded by his contributory negligence, and that in an action by the administrator of the child, under Lord Campbell's Act, for the benefit of certain statutory beneficiaries, the administrator will not be concluded by the contributory negligence of the custodian, when the beneficiaries are not the persons charged with such contributory negligence. But the question here is whether or not, in an action by the administrator of the child, under Lord Campbell's Act for the benefit of certain statutory beneficiaries, the administrator will be concluded by the contributory neg-

ligence of the parent or custodian, where the beneficiaries are the persons charged with such contributory negligence.

In an elaborate note to the case of *Flagstaff v. Gomez* (Ariz.), 23 A. L. R., 661, beginning at page 670, the cases pro and con are collated; the Court of 20 states holding the affirmative of the question, including South Carolina (*Sandel v. State,* 115 S. C., 168; 104 S. E., 567; 13 A. L. R., 1268), and in addition the lower Federal Courts, and 10 the negative. (Alabama is listed in the affirmative under an early case and in the negative under more recent decisions.) To the affirmative list may be added *Hazel v. Bus. Co.*, 310 Ill., 38; 141 N. E., 392.

The case of *Watson v. R. Co.,* 66 S. C., 47; 44 S. E., 375, did not attract attention in either the note above referred to or in the *Sandel Case.* In the *Watson Case* the custodian sought to be charged with contributory negligence was not one of the beneficiaries under the statute, and for that reason it is not controlling upon the present question, although (the writer hereof speaking for himself only) the reasoning upon the statute, in that case, applicable to the present question is difficult if not impossible to refute.

In the *Sandel Case,* 115 S. C., 168; 104 S. E., 567; 13 A. L. R., 1268, the question was as squarely presented as it could have been, and the unanimous decision of the Court aligned this state with the majority affirmative. Unless the Court is now disposed to overrule the *Sandel Case*, decided so recently, in October, 1920, no valid reason for doing which has been suggested, it must be followed and the order of his Honor, Judge Townsend, overruling the plaintiff's demurrer, sustained. *Kilpatrick v. Spartanburg,* 101 S. C., 334; 85 S. E., 775. The interesting question of the effect of the contributory negligence of one of the beneficiaries upon a recovery by the others does not arise in this case under the allegation of joint negligence of the parents, and has not been considered. See note 23 A. L. R., at page 690. Nor has the question of the effect of the ordinary con-

tributory negligence of the beneficiaries upon the cause of action based upon willfulness and recklessness arisen or been considered.

As to the second proposition:

The plaintiff sought to prove that the automobile, at the street crossing immediately south of the accident, was exceeding the speed limit fixed by the Criminal Code of 1922, § 582, regulating the approach to, and the crossing of, public highways, and contended that such evidence was admissible upon the question of speed at the time of the accident and of the general conduct of the operator. The Circuit Judge excluded the evidence, holding that, as the accident did not occur at a crossing, the evidence was inadmissible. The respondent contends that the ruling was proper upon the ground that the section invoked has no application to city street crossings. We think that the contention should be sustained. As is held in the *Dobbins Case,* 108 S. C., 254; 93 S. E., 932, "the statute is a criminal statute and must be strictly construed." The section is found in Chapter 11, the title of which is "Violation of provisions in regard to highways." The chapter refers to highways, public highways, toll bridges, bridges, ferries, fords, mile posts, guide posts, numbering roads, gates, ditches, drains, shade trees, obstructions, and like subjects pertaining to public highways of the county and not to streets in cities. There is but a single section which mentions streets; Section 580 relating to recklessly driving. It is significant that, in the statute prescribing signals by railroads at crossings, the distinction between highways and streets is recognized.

As to the third proposition:

The ordinance of the city of Charleston requires a license for the operator of an automobile. This license is to be issued upon an examination of the applicant who must be at least 16 years of age. It in effect prohibits operation by an unlicensed person and by one under 16 years of age. In this case the operator was both

unlicensed and under 16. His operation was therefore unlawful and negligence *per se.* The only difference between an act which the law declares negligence (that is, an act which is negligence *per se*), and an act of negligence, is in the particular branch of the legal machinery of the trial which adjudicates the question and characterizes the act; in the one case the judge, and in the other the jury. The further essential to liability (the causal relation between the act and the injury) is unaffected by the distinction. It is just as necessary to show that the act declared negligence *per se* was the proximate cause of the injury as to show that an act so declared by the jury was such cause.

By reference to the request submitted by the plaintiff it will be seen that this rule was recognized and specifically invoked :

"The jury are instructed that under the terms of the ordinance of the city of Charleston no person residing in the city of Charleston under the age of 16 years is permitted to drive an automobile in the city of Charleston, and that any person under the age of 16 who operates a motor car within the city limits does so unlawfully, and further that, if any injury is sustained by any person as the proximate result of such unlawful driving by a person under 16 years of age, such driver or his principal is liable for any damages sustained by the person so injured."

The Circuit Judge very properly charged this request, and followed it with a timely explanation to the effect that in order to recover, the plaintiff must show that the cause of the accident was the negligence of the operator, and that the plaintiff could not recover upon evidence simply that an act either negligence *per se* or negligence by the finding of the jury had been committed; exactly in substance what the plaintiff had requested.

That the violation of a statute, although declared negligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate

cause, is abundantly shown by the authorities and sustained by common sense and justice.

"Although the violation of a statute is held to be negligence *per se,* there must be a causal relation between such act and the injury to render the defendant liable, and such violation must be the proximate cause of the injury." 29 Cyc., 439.

*Taylor v. Stewart,* 172 N. C., 203; 90 S. E., 134, was a case of exactly the same character as the case at bar. It was held that the operation of a car by a minor in violation of the statute was negligence *per se,* but the Court added:

"It does not follow, however, that the defendant is liable in damages, for the plaintiff must go further and satisfy the jury by a preponderance of the evidence of the facts that such negligence was the proximate cause of the death of the child."

In *Walker v. Klopp,* 99 Neb., 794; 157 N. W., 962, L. R. A., 1916E, 1292, in the syllabus by the Court, it is said:

"Section * * * Rev. St. * * * imposes upon owners * * * of motor vehicles a public duty to refrain from permitting a person under 16 years of age * * * to operate a motor vehicle; and when an owner of an automobile permits his minor child, under the age of 16 years, to operate his automobile, he is guilty of negligence, and is liable therefor, when the other elements of actionable negligence are present."

In *Lindsay v. Cecchi,* 3 Boyce (Del.), 133; 80 Atl., 523; 35 L. R. A. (N. S.), 699, it is held, quoting syllabus:

"Mere failure of the driver of an automobile to have secured the statutory license at the time his machine injured a pedestrian on the highway will not render him liable for the injury, unless such failure had some causal relation to the injury."

In *Cherry v. R. Co.,* 186 N. C., 263; 119 S. E., 361, it is held:

"The ruling in respect to the violation of a valid town ordinance, when shown to be the proximate cause of plaintiff's injury, * * * is in accord with our decisions on the subject"—citing cases.

In 20 R. C. L., 43, it is said:

"Although the violation of a statute is negligence *per se,* there must be a causal connection between the unlawful act and the injury which must be shown in the pleadings and by the proof, or the action fails."

See, also, *Girl v. United States Railroad Administration,* 194 Iowa, 1382; 189 N. W., 834. *Twedt v. Seattle Taxicab Co.,* 121 Wash., 562; 210 Pac., 20; *Sand Springs Ry. Co. v. Westhafer,* 92 Okl., 89; 218 Pac., 525.

The exceptions assigning error in charging upon the facts have been considered and are manifestly without merit.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Messrs. Justices Watts, Fraser and Marion concur.

Mr. Chief Justice Gary did not participate.