WILSON v. CLARENDON COUNTY

(138 S. E., 33)

1. Death—Contributory Negligence of Beneficiary Bars Recovery for Death of Infant (Code Civ. Proc. 1922, § 367).—Contributory negligence of beneficiary, in action under Lord Campbell's Act (Code Civ. Proc. 1922, § 367), for death of infant for benefit of father and mother, will bar recovery so far at least as that beneficiary is concerned.

---

Note: On contributory negligence of parent as bar to an action by parent or administrator for death of child, see annotation in 23 A. L. R., 670; 8 R. C. L., 782; 2 R. C. L. Supp., 654; 4 R. C. L. Supp., 573; 5 R. C. L. Supp., 484.

2. DEATH—EXCLUDING TESTIMONY THAT FATHER HAD INTRUSTED CARE OF CHILD TO MOTHER HELD ERRONEOUS IN PARENT'S ACTION FOR CHILD'S DEATH (CODE CIV. PROC. 1922, § 367; CIV. CODE 1922, § 2948).— In action under Lord Campbell's Act (Code Civ. Proc. 1922, § 367), for death of infant for benefit of father and mother, wherein complaint contained allegation of freedom from negligence in accordance with Civ. Code 1922, § 2948, in actions against county, exclusion of testimony tending to show father and mother were not living together at time of injury, and that father had intrusted entire custody and care of child to mother, *held* erroneous, in that contributory negligence on part of mother might affect right of father to recover.

Before FEATHERSTONE, J., Clarendon, March, 1924. Reversed.

Action by Thomas R. Wilson, administrator, against the County of Clarendon. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

*Messrs. W. C. Davis* and *Dinkins & Stukes,* for appellant, cite: *Damages might include mental anguish:* 74 S. C., 310; 47 S. C., 383; 58 S. C., 70; 59 S. C., 87; 60 S. C., 237; 76 S. C., 368. *Testimony as to separation relevant to wife's agency as exclusive custodian of child:* 89 S. E., 284. *Contributory negligence of beneficiaries or agent bars action:* 115 S. C., 168; 119 S. E., 776; 122 S. E., 864; 23 A. L. R., 670; 30 L. R. A., 500. *Error to instruct that a given state of facts would constitute negligence; for jury to determine from facts:* 25 S. C., 30; 53 S. C., 452; 54 S. C., 509; 61 S. C., 556; 51 S. C., 453; 15 S. C., 381; 24 S. C., 591; 47 S. C., 524; 110 U. S. Rep., 582–3.

*Mr. Charlton DuRant,* for respondent, cites: *Whether horse acted as ordinary safe animal, not was he a reasonably safe animal; question for jury to determine:* 38 S. C., 283; 40 S. C., 390; 55 S. C., 422. *Negligence of driver not imputed to passenger:* 95 S. C., 187. *Contributory negligence of mother not bar to action by father:* 23 A. L. R., 690.

May 2, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of the alleged wrongful death of an infant child, about five months old, of William Rose and his wife, Letha, caused, as alleged, by the negligent act of the defendant in the repair of a certain bridge under its jurisdiction. It is alleged that the horse attached to a buggy in which the deceased was riding, in the arms of its mother, another woman, Irene McFadden, driving, took fright at a hole in the bridge, and backed the buggy off of the bridge into the water below, drowning the child. The action was brought under the Statute (Lord Campbell's Act, § 367, Vol. 1, Code of 1922), for the benefit of the father and mother of the child.

The complaint, as was proper in an action against the county under Section 2948, vol. 3, Code of 1922, contained an allegation of freedom from contributory negligence on the part of the persons traveling in the buggy, which admitted evidence to the contrary without a formal plea of contributory negligence. The answer contained a denial of all material allegations of the complaint.

The trial was had before his Honor Judge Featherstone and a jury, and resulted in a verdict in favor of the plaintiff for $2,000.00. The defendant has appealed.

Upon the trial his Honor the Circuit Judge ruled out all testimony offered and tending to show negligence on the part of the mother of the child which contributed as a proximate cause to the injury, and also testimony tending to show that the father and mother had separated and were not living together at the time of the injury, indicating that the father had intrusted the entire custody and care of the child to the mother.

Contrary to the conclusion of the Court in the case of *Watson v. R. Co.,* 66 S. C., 47; 44 S. T., 375, the Court appears to have settled down upon the proposition that the contributory negligence of a beneficiary under Lord Campbell's Act will bar recovery so far at least as that beneficiary

is concerned.   As observed in the case of *Cirsosky v. Smathers,* 128 S. C., 358; 122 S. E., 864:

"In the *Watson Case* the custodian sought to be charged with contributory negligence was not one of the beneficiaries under the Statute, and for that reason it is not controlling upon the present question."

It is further said: "In the *Sandel Case,* 114 S. C., 168; 104 S. E., 567; 13 A. L. R., 1268, the question was as squarely presented as it could have been, and the unanimous decision of the Court aligned this state with the majority affirmative" of the cases which hold that the administrator will be concluded by the contributory negligence of the parent or custodian where the beneficiaries are the persons charged with such contributory negligence.

In the *Sandel Case* the Court held:

"But where an action for the injury or death of an infant is brought for the benefit of the parents, as in this case, the contributory negligence of the parents, or their agents, is a good defense, because in reason they cannot hold defendant liable to them for the consequences of their own negligence. No one is allowed to take advantage of his own wrong."

See, also, *Berger v. R. Co.,* 93 S. C., 372; 76 S. E., 1096.  *Kilpatrick v. Spartanburg,* 101 S. C., 334; 85 S. E., 775.

The perplexing question, however, has not been decided in this State, as suggested in the *Cirsosky Case;* the effect of the contributory negligence of one of the beneficiaries upon a recovery by the other; and in the present case, in view of the fact that testimony as to the contributory negligence of the mother was excluded, we do not think that that question is now presented.

We are of opinion that his Honor the Circuit Judge erred in excluding testimony as to the relations between the father and the mother.   It may be possible to bring the case under the doctrine announced in the case of *Berger v. R. Co.,* 93 S. C., 372; 76 S. E., 1096, where the Circuit Judge charged:

"The contributory negligence of the mother would de-feat the action, if the child was left in her charge by its father."

The Court held:

"Since there was evidence to go to the jury on the sub-ject of contributory negligence of the mother, in whose care the child had been left by the father, the exceptions on this point must be overruled."

We do not mean to decide this question, but state the above in justification for the resubmission of the questions of contributory negligence on the part of the mother and of the effect of such contributory negligence upon the right of the father to recover, under such facts as may be dis-closed. Note, 23 A. L. R., 690.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER, and CARTER, concur.