Layton **JAMES** as Administrator of the Estate of Bertha Mae James, deceased, Plaintiff,

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.**

Civ. A. No. 7854.

United States District Court
E. D. South Carolina,
Florence Division.

Nov. 5, 1962.

Byrd & Anderson, Marion, S. C., for plaintiff.

A. L. Hardee, Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for defendant.

WYCHE, District Judge.

This action is to recover damages for alleged wrongful death of a child and the suit is brought for the benefit of the mother Lillie Pearl James. The defendant in its answer sets up the contributory negligence of the mother, the beneficiary under the statute, in the following language: "2. That the plaintiff's intestate was permitted and allowed by her mother, the said Lillie Pearl James, to stray from the premises where they lived, having left her there without adequate or any supervision, and to go and remain upon the railroad tracks of the defendant when she knew or should have known, that it

was a dangerous and reckless thing to do, and when she knew, or should have known, that it would be impracticable to stop a train within the distance that a small child could have been discovered on the tracks at the particular place where she was. * * * 4. That if the defendant, its agents and servants, were guilty of any wrongful act, which is specifically denied, the death of plaintiff's intestate was due to the negligence, carelessness, recklessness, wilfulness and wantonness of Lillie Pearl James, mother of plaintiff's intestate in one or more of the particulars set forth, combining and concurring with any wrongful act on the part of the defendant, its agents and servants, as a proximate cause thereof, and without which same would not have occurred."

In an effort to develop the defense of contributory negligence of the beneficiary the defendant propounded the following interrogatory: "18. Had any person with whom plaintiff's intestate been left, been warned about permitting her to go upon the tracks of the defendant?"

The case is now before me upon plaintiff's objection to answering Interrogatory No. 18 "upon the ground that the question is phrased in such a manner that any answer the plaintiff might give would be a distortion of the true facts."

At the hearing of objection to this interrogatory counsel for the plaintiff stated that at the time of the child's death she was living with her mother, however, her grandfather had the custody of the child for approximately a day and a half before the child was killed; the mother and the grandfather of the child lived in the same house; the child was killed on August 18, 1962, at about 1:10 p. m. in the day-time; on the morning of August 17, 1962, the mother of the child had left the residence to spend the weekend with someone else and had left the custody of the child with the child's grandfather; the child's grandfather Layton James had the complete and exclusive custody of the child from the morning of August 17, 1962, until 1:10 p. m. of the next day, August 18, 1962, at which time the child was killed.

■ It is settled in this State that in an action by a child for damages for personal injuries, the contributory negligence of the parent or custodian is not a defense; that in an action by a parent in his individual right, as for loss of services of the child, the contributory negligence of the parent is a defense; that in an action by the administrator of the child under the Wrongful Death Statute for the benefit of the child's parent, the contributory negligence of the custodian of the child will not bar a recovery when the custodian is not a beneficiary under the statute; that in an action by the administrator of the child under the Wrongful Death Statute for the benefit of the parent, the contributory negligence of the parent is a bar to recovery. Therefore, in an action under the Wrongful Death Statute for damages for the death of a child where the mother is the beneficiary the contributory negligence of the mother is a defense to the action. Cirosky v. Smathers, 1924, 128 S.C. 358, 122 S.E. 864.

In the case of Watson v. Southern Railroad Company, 66 S.C. 47, 44 S.E. 375, relied upon by the plaintiff, the *custodian* sought to be charged with contributory negligence was *not* one of the beneficiaries under the Wrongful Death Statute and for this reason it is not controlling upon the question before me.

■ What precautions may be reasonably expected of the mother in the case before me, in my opinion, is pertinent to the defendant's alleged defense of contributory negligence of the mother, and for this reason the Objection to Interrogatory No. 18 must be and it is hereby denied. Atlantic Coast Line Railroad Company v. Truett (C.A. 4), 249 F.2d 215; Horne v. Atlantic Coast Line R. Co., 1935, 177 S.C. 461, 181 S.E. 642; Sandel v. State, 115 S.C. 168, 104 S.E. 567, 13 A.L.R. 1268; Crawford v. Simons-Mayrant Co., 141 S.C. 333, 139 S.E. 788.