Carlton **HALL**, Administrator of the Estate of Edwards C. Hall, Deceased, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 74–498.

United States District Court, D. South Carolina, Columbia Division.

Aug. 9, 1974.

Daniel A. Speights, Glenn, Porter & Sullivan, P. C., Columbia, S. C., for plaintiff.

John K. Grisso, U. S. Atty., Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Plaintiff moves the court for an order striking paragraph number 11 from defendant's answer[1] on the grounds that the allegations thereof fail to present a sufficient defense and is immaterial, impertinent, and incorrect as a matter of law.

This action is a diversity lawsuit in which plaintiff, as fiduciary of the estate of Edwards C. Hall, deceased, brings a wrongful death action against defendant, pursuant to the provisions of § 10–1951[2], S.C.Code of Laws, 1962, Annot.

The sole beneficiaries under the statute[3] (there were no other children) are plaintiff and his wife, who are parents of the deceased. The complaint alleges negligence, carelessness, heedlessness, willfulness and wantonness on the part of the Veterans Administration, a subdivision of the government of the United States, in releasing Edwards C. Hall *from care and custody of the VA Hospital when the deceased had foreseeably dangerous suicidal tendencies, as a result of which took his own life on April 26, 1972.*

The answer, after proposing other defenses, sets up for the eighth defense, in paragraph 14, the following:

14. If defendant was negligent as heretofore stated and if such negligence was a proximate or contributing proximate cause of Hall's death, and if Hall had dangerous suicidal tendencies as alleged, plaintiff and his wife were contributorily negligent in one or more respects as follows:

A. Failing to attempt to have Hall committed to a hospital as provided by State Law (Sections 32–954, 32–956, 32–958 or 32–995.4 of the Code) prior to his obtaining his voluntary admission to the Veterans Administration Hospital;

B. Failing to attempt to have Hall so committed to a hospital after his voluntary admission to the Veterans Administration Hospital since they were informed by defendant, while he was a patient at such Hospital, that he had indicated he wanted to

---

1. Paragraph 14 of defendant's answers is actually the paragraph involved instead of paragraph 11.

2. § 10–1951, S.C.Code of Laws, 1962, Annot., provides: Civil action for wrongful act causing death.—Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused un-der such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative.

3. § 10–1952, S.C.Code, 1962, Annot., provides: Beneficiaries of action for wrongful death.—Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused, and, if there be no such wife, husband, child or children, then for the benefit of the parent or parents, and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been so caused.

leave such Hospital and that defendant was not authorized to keep him in the hospital if he said he wanted to leave the hospital;

C. Failing to remove the guns and ammunition from their home since Hall had been admitted to the hospital immediately after residing in their home and they knew he had indicated to Dr. Medlin that he wanted to leave the hospital;

and

D. Failing to inform defendant of such alleged dangerous suicidal tendencies.

And their negligence in one or more of the foregoing respects was a contributing proximate cause of Hall's death and therefore plaintiff and his wife are barred from recovering against defendants.

Thus, the answer sets up the contributory negligence of plaintiff and his wife as a defense alleged to bar them from recovering against defendant. This presents a question of novel impression in South Carolina.

■ As able counsel for plaintiff point out, it is well established in South Carolina that a parent, or other beneficiary, suing under the wrongful death statute can be barred from recovery by his own contributory negligence. Wilson v. Clarendon County, 139 S.C. 333, 138 S.E. 33 (1927); Cirosky v. Smathers, 128 S.C. 358, 122 S.E. 864 (1924). Plaintiff insists, however, that all of the South Carolina cases treating such an issue have involved mere infants or relatively young children, such as Atlantic Coast Line Railroad Co. v. Truett, 249

F.2d 215 (4th Cir. 1957) (18-month old child); Mock v. Atlantic Coast Line Railroad Co., 227 S.C. 245, 87 S.E.2d 830 (1955) (12-year old); Butler v. Temples, 227 S.C. 496, 88 S.E.2d 586 (1955) (2-year old); Wilson v. Clarendon County, supra (5-month old infant); Cirosky v. Smathers, supra (5-year old); James v. Atlantic Coast Line Railroad Co., 210 F. Supp. 76 (E.D.S.C.1962) (child died at an unstated age). Plaintiffs insist that the negligence of the parents of a fully grown adult child would not bar the recovery.

Defendant urges that, since the parents are beneficiaries of Hall's estate under the South Carolina statute, (note 3, supra), contributory negligence of either or both of the beneficiaries would bar recovery. Defendant contends that recovery should be barred for *any* beneficiary guilty of contributory negligence constituting a proximate cause of death because a person cannot be allowed to take advantage of his own wrong. Sandel v. State, 115 S.C. 168, 104 S.E. 567 1920).[4]

■ Absent South Carolina decisions, this court adopts the general rule that the contributory negligence of the sole beneficiary or of all the beneficiaries defeats an action for wrongful death.[5] Lee v. New River & Pocahontas Consol. Coal Co., 203 F. 644 (4th Cir. 1913); Cummings v. Locklear, 12 N.C.App. 572, 183 S.E.2d 832 (1971).[6]

In Mitchell v. Akers, 401 S.W.2d 907, 20 A.L.R.3d 1385 (Tex.Civ.App.1966), the court held that contributory negligence of the parents as beneficiaries bars a recovery by the parent-benefi-

4. "[W]here an action for the injury or death of an infant is brought for the benefit of the parents, as in this case, the contributory negligence of the parents, or their agents, is a good defense, because in reason they cannot hold defendant liable to them for the consequence of their own negligence. No one is allowed to take advantage of his own wrong. Berger v. Railway, 93 S.C. 372, 76 S.E. 1096; Kilpatrick v. Spartanburg, 101 S.C. 334, 85 S.E. 775." 115 S.C. at 175, 104 S.E. at 569.

5. Of course, it must be a proximate contributing cause, not a remote cause.

6. "However, since it was the husband's wrongful act which caused the death of plaintiff's intestate, he may not share in a recovery." Crawford v. Simons-Mayrant Co., 141 S.C. 333, 139 S.E. 788 (1927). Wilson v. Clarendon County, 138 S.E. 33, 139 S.C. 333 (1927).

ciaries for their damages in a suit brought by them for the death of their four-year old child. The rule is based on the public policy, as stated in *Sandel*, supra, that no one should be permitted to profit by his or her own wrong. The law makes no distinction between an adult and a minor in the principle enunciated, whether the action is by the parents as beneficiaries, or by a fiduciary for the benefit of the parents, as sole beneficiaries under the wrongful death statute.

The factual proof as to whether or not either or both were contributorily negligent as a proximate cause of the death, is not before the court at this time; the pleadings speak for themselves, and may stand or fall after the proof has been placed before the court and the jury.

In Annot., 2 A.L.R.2d 785, 792 (1948), one finds an excellent discussion which gives the majority rule:

> Consequently the contributory negligence of the sole beneficiary or beneficiaries is a good defense to any recovery, and the contributory negligence of one of several beneficiaries defeats the right of recovery to the extent of his share and the right of recovery.

The reason behind the rule is that, under the common law, negligence of the person suffering the damages, unless an infant or a person under disability, is a complete defense to the person whose negligence caused the injury. In every such case the party who by his own negligence has contributed materially to his own injury is left remediless by the common law, for the reason, universally recognized, that no man may recover damages for an injury to himself or to his property which he himself was a material causative instrument. The principle applies not only to suits for damages for the death of minor children caused by negligence, where the parent has himself or herself been negligent, but also to every case under the state statute authorizing the recovery of damages for death caused by a wrongful act, whether the relation of the deceased and the next of kin guilty of contributory negligence was that of parent and child, husband and wife, brother and sister, or whatever other relationship, where the deceased was in the care of the next of kin, and whether or not the deceased was an adult or minor.[7] *Hazel*, supra, note 7, is authority for the further proposition:

> A distinction is sought to be drawn between this case, in which the deceased was an adult and the negligent beneficiary a husband, and those cases in which the deceased was an infant and the negligent beneficiary a parent. There is no distinction which affects the action. The application of the rule to the case of an adult decedent is not an extension of it, but merely another instance of its relevancy. The only reason for the defense in either case is the doctrine of contributory negligence. 30 A.L.R. at 499.

█ If plaintiff's motion were to prevail, and the facts revealed that the parent or parents, for whose benefit the action is brought, were guilty of contributory negligence, as a proximate cause of the death of the deceased, then that person guilty of contributory negligence would be able to profit by his or her own wrong. It makes no difference whether the person from whom the beneficiary received his or her largess or supposed right, was two or 20 years of age, the rule of unjust enrichment would be the same.

Plaintiff's motion to strike is denied. Nothing contained herein shall preempt the trial judge from making such other rulings as may be necessary upon the development of the proof.

And it is so ordered.

7. Hazel v. Hoopeston-Danville Motor Bus Co., 310 Ill. 38, 141 N.E. 392, 30 A.L.R. 491, 496 (1923).