**Teia KIRKLAND, a minor, by her Mother and Guardian Ad Litem, Sharon Moore, and Sharon Moore and Eddie Kirkland, Individually, Plaintiffs,**

v.

**SAM'S EAST, INC. d/b/a Sam's Club, a foreign corporation, Defendant.**

**C.A. No.: 9:03–cv–2891–23.**

United States District Court,
D. South Carolina,
Beaufort Division.

Dec. 13, 2005.

**640**

J. Rutledge Young, III, John Allen Massalon, Wills and Massalon, Charleston, SC, Christopher G. Burns, Mark Edward Calvin, Brown Terrell Hogan Ellis and Yegelwel, Jacksonville, FL, William S. Frates, William S. Frates II Law Office, Vero Beach, FL, for Plaintiffs.

David A. Dial, Charles L. Clay, Earl W. Gunn, Frederick N. Sager, Jr, Weinberg Wheeler Hudgins Gunn and Dial, Atlanta, GA, E. Raymond Moore, III, John M. Grantland, Murphy and Grantland, Columbia, SC, for Defendant.

## ORDER

DUFFY, District Judge.

This matter is before the court on Defendant Sam's East's ("Sam's Club") Motion for Partial Summary Judgment as to Plaintiffs' Loss of Consortium claim. For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

Plaintiffs Sharon Moore and Eddie Kirkland individually, and Sharon Moore in her capacity as Teia Kirkland's mother and guardian, brought this suit against Sam's Club after Teia was injured in a motor vehicle accident involving an alleged tire failure. Plaintiffs allege that Sam's Club failed to warn about the possible design defects in the tire and failed to recognize the signs of tread or belt separation and warn about tread separation when the tires were rotated and balanced eleven days prior to the accident. Plaintiffs make several claims for recovery, one of which is a cause of action for "loss of the companionship, society, and comfort" of Teia by her parents, Sharon Moore and Eddie Kirkland. (First Amended Complaint ¶ 18(c).)

Sam's Club now moves for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules because South Carolina does not recognize a cause of action for filial loss of consortium.

## STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir.1990). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## ANALYSIS

As an in initial matter, the court must determine the applicable state law in this diversity action. Because this case is

before a Federal Court in the District of South Carolina, South Carolina *choice* of law applies as to all claims. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (holding that a federal court sitting in diversity must apply the choice of law rules of the state in which it sits). Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred. *Lister v. NationsBank of Delaware, N.A.*, 329 S.C. 133, 494 S.E.2d 449, 454 (1997); *Bannister v. Hertz Corp.*, 316 S.C. 513, 450 S.E.2d 629 (1994). In this case, Teia Kirkland was injured on Interstate 95 near Hardeeville, South Carolina. Accordingly, South Carolina law is the governing law in this diversity action.

 As Defendant correctly notes, South Carolina does not recognize a cause of action for filial loss of consortium. Under section 15–75–20 of the South Carolina Code, a surviving spouse is the proper party to assert loss of consortium claim. In *Taylor v. Medenica*, 324 S.C. 200, 479 S.E.2d 35 (1996), the South Carolina Supreme Court considered whether a child has a cause of action for loss of consortium as to a parent and determined that he does not. The Court explained:

> By enacting S.C.Code Ann. § 15–75–20 (1977), the legislature provided for loss of consortium actions for spouses. The statute has not been amended to provide a similar cause of action for children. Whether South Carolina should recognize a cause of action for loss of parental consortium is a matter best left to the discretion of the General Assembly.

*Id.* at 47. Accordingly, the court finds that, as the South Carolina Supreme Court has made clear, a spouse is the only party who may bring a loss of consortium claim under S.C.Code § 15–75–20.

Further, Plaintiffs do not allege that South Carolina does recognize such a claim. They assert, that "South Carolina does however recognize the right of a parent to recover for the medical cost of treating a child's injuries which resulted from the negligence of another party." (Pl. Response at 1.) The court agrees entirely. As such, the court grants Defendant's motion for summary judgment as to Plaintiff's loss of consortium claim only. The court leaves intact all of Plaintiffs' other claims, striking only paragraph 18(c) of Plaintiffs' Amended Complaint.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant's Motion for Partial Summary Judgment is hereby **GRANTED.**

**AND IT IS SO ORDERED.**