651 S.E.2d 305

**John DOE and Jane Doe, Appellants**

v.

**GREENVILLE COUNTY SCHOOL DISTRICT, Respondent.**

No. 26372.

Supreme Court of South Carolina.

Heard May 3, 2007.

Decided Aug. 27, 2007.

Rehearing Denied Oct. 19, 2007.

Gregg E. Meyers, of Charleston, for Appellants.

Christopher R. Antley, of Devlin & Parkinson, of Greenville, for Respondent.

Chief Justice TOAL:

John Doe and Jane Doe ("Mr. and Mrs. Doe") sued the Greenville County School District ("the School District") asserting several causes of action arising from incidents of sexual activity between Mr. and Mrs. Doe's minor daughter and a substitute teacher employed by the School District. The trial court granted the School District's motion to dismiss all causes of action, and Mr. and Mrs. Doe appealed. We affirm in part and reverse in part.

## FACTUAL/PROCEDURAL BACKGROUND

In 2001, Mr. and Mrs. Doe discovered that their fourteen-year old daughter was involved in a sexual relationship with a substitute teacher from her school. The substitute teacher was charged and convicted of criminal sexual conduct with a minor as a result of this inappropriate relationship. Ultimately, Mr. and Mrs. Doe sued the School District alleging several causes of action based upon the alleged negligent supervision on the part of the School District.[1] Specifically, Mr. and Mrs. Doe allege that the School District had prior complaints and warnings regarding the substitute teacher's inappropriate interest in young girls, and that the School District knew or should have known about the development of this relationship.

The School District filed a motion to dismiss all causes of action, and the trial court granted the motion. Mr. and Mrs. Doe appealed, and this Court certified the case from the court of appeals pursuant to Rule 204(b), SCACR. Mr. and Mrs. Doe raise the following issue for this Court's review:

Did the trial court err in granting the School District's motion to dismiss Mr. and Mrs. Doe's claims?

## STANDARD OF REVIEW

Generally, in considering a Rule 12(b)(6), SCRCP, motion to dismiss, the trial court must base its ruling solely upon allegations set forth on the face of the complaint. *Stiles v. Onorato,* 318 S.C. 297, 300, 457 S.E.2d 601, 603 (1995). The motion may not be sustained if the facts alleged in the

---

1. Mr. and Mrs. Doe's daughter is not a party to this action. A separate suit was filed on her behalf and was settled at trial.

complaint and the inferences that can be drawn therefrom would entitle the plaintiff to any relief under any theory. *Id.*

## LAW/ANALYSIS

Mr. and Mrs. Doe argue that the trial court erred in granting the School District's motion to dismiss. We agree that the trial court erred in granting the School District's motion to dismiss Mr. and Mrs. Doe's action for negligent supervision. We disagree, however, with Mr. and Mrs. Doe's argument that the trial court erred in granting the School District's motion to dismiss the causes of action for negligent infliction of emotional distress, loss of consortium, breach of fiduciary duty, and breach of an assumed duty *in loco parentis.*

### A. Negligent Infliction of Emotional Distress

■ Mr. and Mrs. Doe argue that the trial court erred in dismissing their claim against the School District for negligent infliction of emotional distress. Specifically, Mr. and Mrs. Doe argue that the trial court mistakenly perceived their claim for negligent infliction of emotional distress as a bystander liability claim similar to that discussed in *Kinard v. Augusta Sash & Door Co.*, 286 S.C. 579, 582, 336 S.E.2d 465, 467 (1985). Mr. and Mrs. Doe contend that their claim should have been regarded as another basis upon which emotional distress could be inflicted through negligent acts. We disagree.

■ In *Kinard,* this Court recognized that a parent may bring a cause of action for negligent infliction of emotional distress as a result of injury to his or her child. *Kinard,* 286 S.C. at 582, 336 S.E.2d at 467. The Court instructed that such an action is strictly limited to the "bystander liability" scenario. *Id.* In order to prevail on this cause of action, a plaintiff must show that:

(a) the negligence of the defendant caused death or serious physical injury to another;

(b) the plaintiff bystander was in close proximity to the accident;

(c) the plaintiff and the victim are closely related;

(d) the plaintiff contemporaneously perceived the accident; and

(e) the plaintiff's emotional distress manifests itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

*Id.* at 582–83, 336 S.E.2d at 467. This Court has not otherwise defined the parameters of a cause of action for the negligent infliction of emotional distress arising out of an injury to someone other than the plaintiff. 11 S.C. JUR. *Damages* § 21 (1992).

In this case, Mr. and Mrs. Doe admit that they did not and cannot allege facts which would support a bystander liability cause of action. Because South Carolina courts have limited the recognition of negligent infliction of emotional distress claims in circumstances such as the one presented in this case to bystander liability, Mr. and Mrs. Doe have not stated a claim which is cognizable under South Carolina law.

Therefore, we hold that the trial court did not err in dismissing Mr. and Mrs. Doe's cause of action for negligent infliction of emotional distress.

## B. Loss of Consortium

■ Mr. and Mrs. Doe argue that the trial court erred in dismissing their claim for loss of consortium. Mr. and Mrs. Doe contend that this Court's decision in *Taylor v. Medenica,* 324 S.C. 200, 222, 479 S.E.2d 35, 47 (1996), is not dispositive in this case because Taylor dealt only with a child's claim for loss of parental consortium. Additionally, Mr. and Mrs. Doe argue that the Court should acknowledge their claim because South Carolina has long acknowledged claims arising from the seduction of a child. We disagree.

At common law, a father possessed the right to maintain an action for the injuries of his minor child. *See Hughey v. Ausborn,* 249 S.C. 470, 476, 154 S.E.2d 839, 841–42 (1967). This right was based upon the concept that a father was entitled to compensation for the loss of services and earning capacity of his minor child. *Id.* Additionally, the father could recover for other pecuniary losses, including medical expenses incurred as a result of the injury. *Id.* Conversely, the common law right of a husband to recover damages for loss of consortium resulting from the injury of his wife was more encompassing. A spousal loss of consortium claim was based

upon the husband's right to the companionship, aid, society, and services of his wife. *Cook v. Atlantic Coast Line R. Co.,* 196 S.C. 230, 243–44, 13 S.E.2d 1, 7 (1941). This common law right belonged only to the husband, and therefore, a wife could not recover similar damages resulting from the injury of her husband. In 1969, the South Carolina legislature adopted Code § (56) 615, which is now codified at S.C.Code Ann. § 15–75–20 (2005), to allow both spouses the right to recover for loss of consortium.

In *Taylor v. Medenica,* this Court held that the determination of which relationships may give rise to a loss of consortium claim in South Carolina is one best left to the discretion of the legislature. 324 S.C. 200, 222, 479 S.E.2d 35, 47 (1996) (declining to recognize a cause of action for loss of parental consortium). The United States District Court for the District of South Carolina adopted the *Taylor* analysis in finding that South Carolina law did not provide a cause of action for loss of consortium of a child or for filial consortium. *Kirkland v. Sam's East, Inc.,* 411 F.Supp.2d 639, 641 (D.S.C.2005). Today, we extend our *Taylor* analysis in holding that South Carolina law does not recognize claims for loss of filial consortium. Such rights did not exist under the common law, and the legislature has not provided such a right by statute.

The dissent would find that parents have a common law right to sue for loss of filial consortium despite the clear distinctions between a parent's claim for loss of services and a spouse's claim for loss of consortium found in our previous jurisprudence. The cases which the dissent utilizes to support its conclusion that filial consortium claims existed at common law directly address parental claims for loss of services, not loss of filial consortium. *See Wright v. Colleton County,* 301 S.C. 282, 289, 391 S.E.2d 564, 569 (1990) (providing that a parent's claim for loss of services and medical expenses resulting from the injury of a minor child is within the tort claims act statutory definition of "loss"); *see also, e.g., Berger v. Charleston Consol. Ry. Gas & Elec. Co.,* 93 S.C. 372, 76 S.E. 1096 (1913) (addressing a father's action for medical expenses and loss of services of his injured child). As discussed above, our common law only allowed a parent to maintain an action for the loss of a child's services and earning capacity. These common law claims did not include the intangible losses of aid,

companionship, and society which have traditionally defined loss of consortium claims. Accordingly, in absence of some action from the legislature, this Court has no authority upon which it could rely in finding that South Carolina law recognizes claims for loss of filial consortium.

 Additionally, Mr. and Mrs. Doe's claim that South Carolina's recognition of a cause of action for seduction is a valid basis for recognizing a claim for loss of filial consortium is misleading. A claim for seduction requires the plaintiff to establish that the defendant, by promising to marry or through some other device, enticed the plaintiff, an unmarried chaste woman, to consent to unlawful sexual intercourse. *See* 18 S.C. Jur. *Seduction* § 2 (1993). The right to sue upon an action for seduction belongs to the victim of the seduction. *See* 18 S.C. Jur. *Seduction* § 9. However, traditionally, a claim for seduction was a father's (or mother's in the absence of the father) right of action for the loss of his daughter's services. *See* 18 S.C. Jur. *Seduction* § 8. In either case, the defendant to the action must be the perpetrator of the seduction. *See* 18 S.C. Jur. *Seduction* § 2. Clearly, the School District is not the perpetrator of the seduction in this case. Accordingly, this Court's recognition of a claim for seduction would not lend support to Mr. and Mrs. Doe's argument that this Court should recognize a claim for loss of filial consortium.

Because Mr. and Mrs. Doe's loss of consortium claim is based entirely upon their allegation of a change in their relationship with their child and not a claim for loss of services, we hold that the trial court did not err in dismissing Mr. and Mrs. Doe's claim for loss of filial consortium.

## C. Negligent Supervision

 Mr. and Mrs. Doe contend that the trial court erred in dismissing their claim for negligent supervision. We agree.

The South Carolina Tort Claims Act ("TCA") addresses the circumstances under which a governmental entity is liable for tortious conduct of its employees. The TCA states that "a governmental entity [is] liable for [its] torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, con-

tained herein." S.C.Code Ann. § 15–78–40 (2005). One limitation contained in the TCA provides that a governmental entity will not be liable for a loss resulting from any "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, . . . except where the responsibility or duty is exercised in a grossly negligent manner." S.C.Code Ann. § 15–78–60(25) (2005).

 Gross negligence is defined as "the failure to exercise slight care." *Steinke v. South Carolina Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 395, 520 S.E.2d 142, 153 (1999). It has also been defined as "the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Id.* Gross negligence "is a relative term, and means the absence of care that is necessary under the circumstances." *Id.*

The trial court found that this cause of action could survive a motion to dismiss, but only to recover for allowable damages, such as medical bills. The trial court went on to find that Mr. and Mrs. Doe had not indicated any intention to present any medical bills. Therefore, the trial court dismissed the claim.

Mr. and Mrs. Doe's complaint alleges that the School District acted with gross negligence in failing to protect their daughter from the known danger of the substitute teacher's inappropriate interest in young girls. The complaint also alleges that Mr. and Mrs. Doe have incurred medical expenses as a result of the School District's negligence.[2] Looking only at the face of the complaint, Mr. and Mrs. Doe's claim for negligent supervision was improperly dismissed. In dismissing this claim, the trial court impermissibly looked beyond the complaint and made a determination on the facts of the case. Whether Mr. and Mrs. Doe are able to show that they have incurred medical bills for which they have not already been

---

2. Mr. and Mrs. Doe allege that they have incurred medical bills for the care of their daughter as a result of this incident. It is unclear from the briefs whether the medical costs resulting from this incident were considered in the settlement of their daughter's claims against the School District.

compensated is not an issue to be determined upon a motion to dismiss pursuant to Rule 12(b)(6).

Accordingly, based only on the allegations set forth in the complaint, the trial court erred in dismissing Mr. and Mrs. Doe's cause of action for negligent supervision.

### D. Breach of Fiduciary Duty and Assumed Duty *In Loco Parentis*

Mr. and Mrs. Doe argue that the trial court erred in dismissing their claims for breach of fiduciary duty and for breach of an assumed duty *in loco parentis*. We disagree.

An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. *Bishop v. South Carolina Dep't of Mental Health,* 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998). Without a duty, there is no actionable negligence. *Id.* The existence of a duty owed is a question of law for the courts. *Doe v. Batson,* 345 S.C. 316, 323, 548 S.E.2d 854, 857 (2001).

In the instant case, the trial court found that Mr. and Mrs. Doe's claims for breach of fiduciary duty and breach of an assumed duty *in loco parentis* were based only on their claim of negligent supervision. The trial court further found that these causes of action were alleged as an attempt to heighten any duty owed by the School District in this situation.

We agree with the trial court's analysis of these causes of action. The Legislature has clearly provided that the School District may be liable for negligent supervision of a student only if that duty was executed in a grossly negligent manner. *See* S.C.Code Ann. § 15–78–60(25). Mr. and Mrs. Doe have not alleged any facts under which this Court could find another duty owed by the School District other than the duty of supervision as outlined by the Tort Claims Act.

Accordingly, we hold that the trial court did not err in dismissing the causes of action for breach of fiduciary duty and breach of an assumed duty *in loco parentis*.

CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of Mr. and Mrs. Doe's causes of action for negligent infliction of emotional distress, loss of consortium, breach of fiduciary duty, and breach of an assumed duty *in loco parentis.* Additionally, we reverse the trial court's dismissal of Mr. and Mrs. Doe's causes of action for negligent supervision.

MOORE, BURNETT, JJ., and Acting Justice ALEXANDER S. MACAULAY, concur. PLEICONES, J., concurring in part, dissenting in part in a separate opinion.

Justice PLEICONES, concurring in part and dissenting in part:

I agree with the majority that we should reverse the trial court's dismissal of the Does' negligent supervision claim, but I would also reinstate the loss of consortium claim. Like the majority, I would uphold the trial court's dismissal of the negligent infliction of emotional distress claim and affirm the trial court's dismissal of the breach of fiduciary duty claim and the breach of an *In loco parentis* claim. I have explained my reasoning for each of these conclusions using the order established in the majority opinion.

A. Negligent Infliction of Emotional Distress

I would affirm the dismissal of this cause of action for the reasons given by the majority.

B. Loss of Consortium

The trial judge held that South Carolina does not recognize a cause of action for the parents' loss of their minor child's consortium. The majority affirms. I respectfully disagree. As explained below, I believe this holding is based on a misapplication of the Court's decision in *Taylor v. Medenica,* 324 S.C. 200, 479 S.E.2d 35 (1996).

At common law, a man could sue for loss of his wife's consortium, but not vice-versa. *Berry v. Myrick,* 260 S.C. 68, 194 S.E.2d 240 (1973). Moreover, he could sue for loss of his minor child's services and his companionship, that is, his consortium.[3] *E.g., Berger v. Charleston Consol. Ry. Gas &*

_____

3. It may be that the difference between my view and that of the majority is one of definition, and I will readily acknowledge that

*Elec. Co.,* 93 S.C. 372, 76 S.E. 1096 (1913) (action by father for past and future medical expenses, and loss of his injured child's services); *Webb v. Southern Ry. Co.,* 104 S.C. 89, 88 S.E. 297 (1916) (action by mother for loss of child's services and companionship); *see also Wright v. Colleton County,* 301 S.C. 282, 289, 391 S.E.2d 564, 569 (1990) ("parent's claims for loss of [child's] services and [her] medical expenses are within the statutory definition of "loss" as contained in [tort claims act] . . ."). Just as the common law did not permit a wife to sue for loss of her husband's consortium, it did not permit a child to sue for loss of parental services.

In 1969, the General Assembly enacted what is now S.C.Code Ann. § 15–75–20 (2005), in order to abrogate the common law rule that a wife had no claim for loss of her husband's consortium. *See Berry v. Myrick* ("The obvious purpose of the General Assembly in enacting this provision was to extend to the wife the right to recover for the loss of consortium of her husband, which right existed only in favor of the husband under the common law"). In *Taylor v. Medenica,* the Court was asked to recognize a cause of action by a child for loss of parental consortium claim, a claim not cognizable under common law. The opinion states "By enacting [§ 15–75–20] the legislature has provided for loss of consortium actions for spouses. The statute has not been amended to provide for a similar cause of action for children. Whether South Carolina should recognize a cause of action for loss of parental consortium is a matter best left to the General Assembly." *Taylor v. Medenica* merely holds that any extension of consortium claims beyond that permitted at common law should be left to the General Assembly, not as the majority would read it, that by enacting § 15–75–20 the General Assembly abolished the common law right of a parent to sue for loss of her child's consortium.

Since a parent has the right to sue for loss of her child's consortium at common law,[4] a right preserved under the South

"spousal consortium" includes conjugal elements obviously not included in "filial consortium." I note the broadening of the term beyond the tort field in parental rights cases, where we have repeatedly spoken of a child's right to his parent's consortium. *E.g. SCDSS v. Seegars,* 367 S.C. 623, 627 S.E.2d 718 (2006).

4. *Webb v. Southern Ry. Co., supra.*

Carolina Tort Claims Act,[5] I would reverse the trial court's dismissal of the Does' consortium claim.

## C. Neglect Supervision

The trial court held the Does' negligent supervision claim was proper, but noted that only medical expenses would be recoverable under this theory. *See Wright v. Colleton County, supra.* The trial court held, however, that the Does' claim must be dismissed because they pleaded no such damages. I agree with the Does that they did plead these damages in paragraph 38 of their complaint. I would therefore reverse the dismissal of this claim.

## D. Breach of Fiduciary Duty and Assumed Duty *In Loco Parentis*

The trial judge also dismissed the Does' claims for breach of an assumed duty *In loco parentis* and breach of fiduciary duty, finding no such heightened duties exist in a school-student setting. The question of duty is one for the court. *E.g., Houck v. State Farm Fire and Cas. Ins. Co.,* 366 S.C. 7, 620 S.E.2d 326 (2005). I can find no error in the trial court's conclusion that these two heightened duties do not exist. I agree with the majority that we should affirm the dismissal of these two claims.

## CONCLUSION

For the reasons given above, I concur in part and dissent in part.

---

5. *Wright v. Colleton County, supra.*