697 S.E.2d 575

**Beaulah PLATT, as guardian for Asia Platt, a minor under the age of fourteen years, as Personal Representative of the Estate of Valerie Marie Platt, deceased, and as Personal Representative of the Estate of William Leroy Platt, deceased, Petitioner,**

**v.**

**CSX TRANSPORTATION, INC., and South Carolina Department of Transportation, Defendants,**

**of whom South Carolina Department of Transportation is Respondent.**

No. 26849.

Supreme Court of South Carolina.

Heard April 6, 2010.

Decided Aug. 9, 2010.

442

David L. Savage, of Savage & Savage, of Charleston; John E. Parker, Ronnie L. Crosby and Matthew V. Creech, all of Peters, Murdaugh, Parker, Eltzroth & Detrick, of Hampton, for Petitioner.

Jonathan J. Anderson, Lisa A. Reynolds and Eric M. Johnsen, all of Anderson and Reynolds, of Charleston, for Respondent.

Chief Justice TOAL.

Petitioner brought wrongful death and survival actions against CSX Transportation, Inc. (CSX) and the South Carolina Department of Transportation (SCDOT) stemming from a collision between an automobile and a freight train. Petitioner settled the claims against CSX, and the trial court granted summary judgment in favor of SCDOT. The court of appeals affirmed, and we granted Petitioner's request for a writ of certiorari to review the court of appeals' decision.

### FACTS/PROCEDURAL BACKGROUND

On June 19, 1999, an automobile (the Vehicle) carrying four passengers (one adult male, one adult female, one boy child, and one girl child) was struck by a freight train at the intersection of US 52 and Red Bank Road in Berkeley County. The girl child, the only survivor, was thrown from the Vehicle upon impact and suffered severe physical injuries.

US 52 intersects Red Bank Road at approximately a 45 degree angle, with the railroad track running parallel to US 52. Red Bank Road runs generally east-to-west, and US 52 runs generally north-to-south. An automobile travelling west on Red Bank Road approaching US 52 would first encounter the railroad tracks, cross the tracks, and then, within several car lengths, come to the intersection with US 52, which is equipped with a traffic light. The Vehicle was travelling west on Red Bank Road; thus, it came upon the railroad tracks before reaching the traffic light at the US 52/Red Bank Road intersection.

Safety devices and warning signals at the intersection of the railroad track with Red Bank Road include cantilevered gate arms, flashing lights, warning bells, and "Do Not Stop on Tracks" signage. The traffic lights are designed to work in concert with the warning signals to prevent collisions. Specifically, as a train approaches the intersection, a signal is sent to SCDOT's traffic light system and the preemption cycle is initiated, overriding the normal system operation. The preemption cycle is pre-programmed to run through the light phases (green, yellow, and red) to clear any traffic off the tracks before the train arrives at the intersection. There are several different preemption cycles that may run, depending upon what phase the traffic lights are in when the preemption signal is received. The ultimate goal, regardless of which preemption cycle is run, is for a red light to be showing at Red Bank Road when the train arrives.

At trial, Petitioner alleged SCDOT was negligent in: (1) failing to coordinate the active warning devices with the traffic signals; (2) failing to properly sequence the lights during the preemption cycle; (3) sequencing the lights so as to create a trap for motorists; and (4) failing to warn motorists of the dangers of being trapped between the gate arms.

The trial court granted SCDOT's motion for summary judgment, finding: (1) SCDOT only had a duty to warn CSX of defects in the warning system, and it fulfilled that duty, and (2) the gate arms were the proximate cause of the accident and there was no evidence establishing otherwise. The trial court mentions but did not rule on the issue of SCDOT's potential immunity under the South Carolina Tort Claims Act (SCTCA) and federal preemption under the Railroad Safety Act of 1970 because it found SCDOT's traffic signals were not a proximate cause of the accident.

The court of appeals affirmed the trial court's grant of summary judgment, holding: (1) the public duty rule bars Petitioner's claim; (2) Petitioner's state law claims are preempted by federal regulations; and (3) the gate arms were the proximate cause of the accident, not the traffic lights. *Platt v. CSX Transp., Inc.,* 379 S.C. 249, 665 S.E.2d 631 (2008).

## ISSUES

Petitioner presents the following issues for review:

I.   Did the court of appeals err in holding the public duty rule barred Petitioner's claim on SCDOT's negligence regarding the traffic lights?

II.  Did the court of appeals err in holding Petitioner's claims were preempted by federal law?

III. Did the court of appeals err in holding the record lacked evidence to establish the traffic signals as a proximate cause of the accident?

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and it is clear that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences that can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994). When reviewing a grant of summary judgment, the appellate court applies the same standard applied by the trial court. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).

## ANALYSIS

SCDOT alleges and the court of appeals held that the public duty rule bars Petitioner's negligence claims based on statutory obligations. We agree.

An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. *Doe v. Greenville County Sch. Dist.*, 375 S.C. 63, 72, 651 S.E.2d 305, 309 (2007). Without a duty, there is no actionable negligence. *Id.* A plaintiff alleging negligence on the part of a governmental actor or entity may rely either upon a duty created by statute or one founded on the common law. *Arthurs ex rel. Estate of Munn v. Aiken County*, 346 S.C. 97, 104, 551 S.E.2d 579, 582 (2001). When the duty is created by statute, we refer to this as a "special duty," whereas when the duty is founded on the common law, we refer to this as a legal duty arising from "special circumstances." *See id.* at 109–10, 551 S.E.2d at 585 (explaining that this Court restricts the term special duty to those arising from

statutes, whereas a legal duty arising from a "special circumstance" is created under the common law).

Under the public duty rule, public officials are not liable to individuals of the public for negligence in discharging their statutory obligations. *Tanner v. Florence County Treasurer*, 336 S.C. 552, 561, 521 S.E.2d 153, 158 (1999). A public official may be liable if he owed a special duty of care to the individual, as determined by a six-factor test, assessing whether: (1) an essential purpose of the statute is to protect against a particular kind of harm; (2) the statute imposes on a specific public officer a duty to guard against or not cause that harm; (3) the class of persons the statute intends to protect is identifiable before the fact; (4) the plaintiff is a person within that class; (5) the public officers know or should know of the likelihood of harm to the class if he fails in his duty; and (6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office. *Jensen v. Anderson County Dep't of Soc. Servs.*, 304 S.C. 195, 200, 403 S.E.2d 615, 617 (1991).

Petitioner does not contend that the six-factor test is met in this case. Rather, she argues the public duty rule is not dispositive because SCDOT has a common law duty to properly repair and maintain the state highway system, which she contends the court of appeals erroneously failed to consider when it affirmed the trial court's grant of summary judgment. We find Petitioner's common law argument is not preserved for appellate review.

While Petitioner pleaded common law negligence in her complaint, the trial court did not rule on that issue, and Petitioner did not file a motion to alter or amend the judgment. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) (stating if the trial court fails to rule upon an issue raised to it, the losing party must file a motion to alter or amend the judgment to preserve that issue for appellate review). In fact, Petitioner did not fully assert a common law basis for SCDOT's duty until her reply brief to the court of appeals. For these reasons, we hold Petitioner did not properly preserve the issue of a common law duty for appellate review. *See Lucas v. Rawl Family Ltd. P'ship*, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004) (stating issue may not be raised for the first time on appeal).

Because Petitioner's common law argument is unpreserved and the court of appeals correctly affirmed the grant of summary judgment regarding SCDOT's statutory obligations, Petitioner is unable to establish SCDOT owed a legal duty to Petitioner. *See Doe,* 375 S.C. at 72, 651 S.E.2d at 309. Without this essential element, Petitioner cannot prevail on her negligence claim. *See id.*

Having found Petitioner is unable to establish a legal duty, we need not address Petitioner's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing that appellate court need not address remaining issues when determination of one issue is dispositive). Accordingly, we affirm the court of appeals as to the public duty rule, and vacate the remainder of that opinion.

## CONCLUSION

The trial court properly granted summary judgment on SCDOT's statutory duty, and the court of appeals correctly affirmed on that ground. Petitioner failed to preserve her common law duty argument; thus, she cannot establish SCDOT owed her a legal duty. Therefore, the court of appeals is affirmed in part and vacated in part.

PLEICONES, BEATTY, JJ., and Acting Justices JAMES E. MOORE and JOHN H. WALLER, JR., concur.