**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ashley Whitehead, individually and as Guardian ad Litem for Brantley W., a minor under the age of fourteen (14) years, and William B. Whitehead, Appellants,

v.

Barnwell School District 45, Respondent.

Appellate Case No. 2021-000596

———————

Appeal From Barnwell County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-441
Submitted November 1, 2022 – Filed December 7, 2022

———————

**REVERSED AND REMANDED**

———————

H. Woodrow Gooding, Mark Brandon Tinsley, and Laine Brabham Gooding, all of Gooding & Gooding, PA, of Allendale, for Appellants.

Allen D. Smith and Connie Pertrice Jackson, both of Halligan Mahoney & Williams, of Columbia, for Respondent.

———————

**PER CURIAM:** Ashley and William Whitehead appeal a circuit court order dismissing their claims for emotional distress against Barnwell School District 45. On appeal, the Whiteheads argue the circuit court erred by finding South Carolina law did not support their cause of action. We reverse and remand.

We hold the Whiteheads sufficiently pled facts to establish a cause of action and reverse the dismissal of their emotional distress claims by the circuit court. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) ("Under Rule 12(b)(6), SCRCP, a defendant may make a motion to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ("The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint."); *Doe v. Greenville Cnty. Sch. Dist.*, 375 S.C. 63, 66-67, 651 S.E.2d 305, 307 (2007) ("The motion may not be sustained if the facts alleged in the complaint and the inferences that can be drawn therefrom would entitle the plaintiff to any relief under any theory."); *Padgett v. Colonial Wholesale Distrib. Co.*, 232 S.C. 593, 608, 103 S.C. 265, 272 (1958) ("If the respondent's bodily injury was proximately caused by the shock, fright and emotional upset as a result of the negligence and willfulness of the appellant, he was entitled to recover such damages as would compensate him for the injury so sustained."); *Strickland v. Madden*, 323 S.C. 63, 67, 448 S.E.2d 581, 584 (Ct. App. 1994) ("[T]o the extent [the plaintiff] can prove her bodily injury was proximately caused by her emotional trauma she may recover for such trauma as an element of her damages.").

**REVERSED AND REMANDED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.