**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jessie J. Carter, Appellant,

v.

Marco A. Quiroga, d/b/a Oscar Auto Sales; Oscar Quiroga, d/b/a Oscar Auto Sales; and Palmetto Surety Corporation, Respondents.

Appellate Case No. 2022-000011

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-076
Submitted February 14, 2023 – Filed March 1, 2023

———————

**AFFIRMED**

———————

Matthew J. Kappel, of Law Office of Matthew J. Kappel, PC, of Greenville, for Appellant.

Barrett Ray Brewer, of Brewer Law Firm, LLC, of Mt. Pleasant, for Respondent Palmetto Surety Corporation.

James P. O'Connell, of Easley, for Respondents Marco A. Quiroga and Oscar Quiroga.

———————

**PER CURIAM:**  Jessie J. Carter appeals the circuit court's order dismissing his claim against Palmetto Surety Corporation (PSC) for failure to state a claim.  On appeal, Carter argues the circuit court erred by dismissing PSC based on a finding that he was not an owner of a vehicle as contemplated by section 56-15-320 of the South Carolina Code (2018).  We affirm.

We hold the circuit court properly dismissed PSC because Carter was not an owner of a vehicle as contemplated by the statute.  *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) ("Under Rule 12(b)(6), SCRCP, a defendant may make a motion to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ("The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint."); *Doe v. Greenville Cnty. Sch. Dist.*, 375 S.C. 63, 66-67, 651 S.E.2d 305, 307 (2007) ("The motion may not be sustained if the facts alleged in the complaint and the inferences that can be drawn therefrom would entitle the plaintiff to any relief under any theory."); S.C. Code Ann. § 56-15-320(B) ("The bond must be conditioned upon the applicant or licensee complying with the statutes applicable to the license and as indemnification for loss or damage suffered by an owner of a motor vehicle, or his legal representative, by reason of fraud practiced or fraudulent representation made in connection with the sale or transfer of a motor vehicle by a licensed dealer or wholesaler or the dealer's or wholesaler's agent acting for the dealer or wholesaler or within the scope of employment of the agent or loss or damage suffered by reason of the violation by the dealer or wholesaler or his agent of this chapter."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute."); *Mid-State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996) ("When [section] 56-15-320 is read in its entirety, it is clear the legislature intended to provide only the owner of a motor vehicle, or the owner's legal representative, with a cause of action against the surety on a bond issued pursuant to that statute."); S.C. Code Ann. § 56-1-10(3) (Supp. 2022) ("'Owner' means a person, other than a lienholder, having the property interest in or title to a vehicle.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.