**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bridgett Taylor, Respondent,

v.

Richland County Sheriff's Department, Appellant.

Appellate Case No. 2020-000589

---

Appeal From Richland County
L. Casey Manning, Circuit Court Judge
Jocelyn Newman, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-030
Heard May 1, 2023 – Filed January 24, 2024

---

**REVERSED**

---

Andrew F. Lindemann, of Lindemann Law Firm, P.A., and Robert David Garfield, of Crowe LaFave Garfield & Bagley, LLC, both of Columbia, for Appellant.

Andrew William Kunz and Lauren Knight Slocum, of Elliott, Phelan, Kunz & Slocum, LLC, of Georgetown, for Respondent.

---

**PER CURIAM:** In this civil case, the Richland County Sheriff's Department (the Department) appeals the trial court's ruling reversing its grant of the Department's

motion for a directed verdict and granting Bridgett Taylor's (Taylor's) motion for a new trial.  The Department argues the trial court erred by (1) concluding the prior order of another circuit court judge denying the Department's motion for summary judgment precluded the Department from asserting the same arguments in a directed verdict motion at trial, (2) reversing its decision to direct a verdict in favor of the Department and granting Taylor a new trial on the ground that the prior order denying summary judgment precluded the trial court from ruling differently at trial on a directed verdict motion, and (3) concluding the Department was not entitled to sovereign immunity under the Tort Claims Act[1] or judgment based on the application of collateral estoppel.  We reverse.

**FACTS**

In the early morning of December 19, 2013, officers of the Department executed a search warrant at Taylor's residence, located in the Five Points area of Columbia, and deployed a detonating device to open the front door.  Officers believed Taylor's son, Terrance Taylor—whom they had identified as a suspect in a homicide investigation and as being involved in drug activity occurring at the residence—was inside the house.  However, only Taylor and her daughter were present at the time.  Taylor was injured by shrapnel when officers deployed the device.  She filed this action in November 2014 alleging gross negligence against the Department.  Among other things, Taylor asserted the Department "consciously fail[ed] to properly monitor [her] residence prior to executing the forced entry to ensure who [was inside]," "consciously fail[ed] to use methods of forced entry less dangerous under the circumstances," "cho[se] to . . . execute an explosive forced entry . . . without evidence of a uniquely dangerous situation," "consciously fail[ed] to avoid [her] injuries by refraining from using explosive devices to execute the search warrants," and "consciously fail[ed] to properly follow the appropriate standard of law enforcement care."  Taylor alleged, "[I]t was a gross violation of local, state[,] and federal policies and procedures for [the Department] to carry out this type of explosive force . . . to enter [the residence] given the foreseeability of severe and/or fatal injuries."  In addition, she asserted, "If [the Department] had executed [its] search warrants of [her] home in a reasonable manner under the circumstances, [she] would not have received the injuries she sustained."

In its answer, the Department admitted it obtained a search warrant for Taylor's residence after a narcotics investigation led to the controlled purchase of crack

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2023).

cocaine at or near the residence. The Department additionally admitted that at about 6:35 a.m. on December 19, 2013, its officers executed a high risk search warrant by way of forcible entry into the residence. The Department asserted it was entitled to immunity under the doctrine of sovereign immunity.

Taylor then filed a complaint in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Eighth, and Fourteenth Amendments against Richland County Sheriff Leon Lott and Richland County Sheriff's Officers Ricky Ezzell and David Linfert. She alleged these individuals consciously and deliberately failed to consider the high probability of injury to her when they executed the explosive breach, which caused her permanent injuries, and violated her right to be free from harm in her own home, right to be free from cruel and unusual punishment, and right to due process pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The federal magistrate judge issued a report and recommendation on July 20, 2018, granting summary judgment in favor of the defendants on all claims. As to Taylor's Fourth Amendment claims, the magistrate judge concluded (1) Taylor could not show the defendants' failure to knock on her door before entering her home to execute the search warrants rendered the search unreasonable and (2) "considering the totality of the circumstances, no reasonable jury could find that using the detonator to unlock the door was unconstitutionally excessive." Thereafter, the district court issued an order fully adopting the report and recommendation and dismissing the case with prejudice on August 14, 2018. Taylor did not appeal.

The Department moved for summary judgment in this case in September 2018, arguing it was entitled to sovereign immunity and based upon the outcome of the federal case, collateral estoppel barred Taylor's negligence claims. Circuit Court Judge Casey L. Manning issued a detailed order denying the motion. The Department filed a motion to reconsider, which Judge Manning denied.

Thereafter, the matter proceeded to a jury trial before the trial court, Circuit Court Judge Jocelyn Newman, in March 2019. The Department filed a motion *in limine*, arguing Taylor was barred from contesting several issues of fact and law addressed in the federal suit, including the reasonableness of the officers' conduct, based upon collateral estoppel. The trial court granted the motion in part, finding Taylor was "collaterally estopped from arguing" that the Department "lacked reasonable suspicion and/or justification for a 'no-knock entry' or that [the] Defendant's failure to knock before entering the home was per se unreasonable." The trial court clarified, however, that this did not dispense with Taylor's case because it was "not

conclusive as to whether [the Department] failed to exercise slight care during the execution."

Taylor testified at trial and estimated she had personally called the Columbia Police Department to her residence over forty times. She agreed on cross-examination that in September 2013, about twelve weeks before this incident, the Columbia Police Department executed a search warrant at her home and found crack cocaine, some cash, and two loaded pistols with extra ammunition.

At the close of Taylor's case, the Department moved for a directed verdict, arguing Taylor failed to prove gross negligence, the Department was entitled to immunity pursuant to section 15-78-60(6), and the district court decision had a preclusive effect on Taylor's claims. The trial court granted the motion, and Taylor filed a motion to reconsider. The trial court filed a Form 4 order granting the motion and ordering a new trial on February 2, 2020. The Department filed a motion to reconsider, which the trial court denied. In its order denying the Department's motion to reconsider, the trial court noted,

> This [c]ourt improperly overruled the decision of another [c]ircuit [c]ourt judge. Specifically, in denying [the Department's] motion for summary judgment . . . Judge Manning disagreed with [the Department's] arguments on the issues of sovereign immunity . . . and collateral estoppel. For the trial court to have found otherwise (to the extent that it did) was inappropriate.

The trial court stated it "rejected [the Department]'s previous arguments" and found "based on the evidence presented at the previous trial, that [the Department wa]s not entitled to sovereign immunity and c[ould ]not claim the 'protection[]' of collateral estoppel." This appeal followed.

**STANDARD OF REVIEW**

"The grant or denial of new trial motions rests within the discretion of the [trial] court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law." *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009). "When reviewing a trial court's ruling on a directed verdict motion, this court will reverse if no evidence supports the trial court's decision or the ruling

is controlled by an error of law." *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) (quoting *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010)). "We review questions of law *de novo*." *Ziegler v. Dorchester County*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019).

## LAW AND ANALYSIS

### I. Prior Ruling of Another Circuit Court Judge

The Department argues the trial court erred by concluding the prior order of another circuit court judge denying the Department's motion for summary judgment precluded the Department from asserting the same arguments in a directed verdict motion at trial. The Department further contends the trial court erred by concluding its grant of a directed verdict in favor of the Department was an "improper overruling" of Judge Manning's order denying summary judgment on the same defenses and by striking its defenses of sovereign immunity under the Tort Claims Act, collateral estoppel, and res judicata. The Department argues the trial court therefore erred by reversing its decision to direct a verdict in favor of the Department and granting Taylor a new trial on this basis.

We agree the Department was not precluded from reasserting the arguments it made in its motion for summary judgment at the directed verdict stage and the trial court was not precluded from considering those arguments anew. *See Ballenger v. Bowen*, 313 S.C. 476, 477, 443 S.E.2d 379, 380 (1994) ("The denial of summary judgment does not establish the law of the case, and the issues raised in the motion may be raised again later in the proceedings by a motion to reconsider the summary judgment motion or by a motion for a directed verdict."); *see also Weil v. Weil*, 299 S.C. 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989) ("[A] judge deciding a case on the merits is not bound by a prior order of another judge denying summary judgment."). Although the trial court incorrectly stated it "improperly overruled" the prior order denying summary judgment, it nevertheless considered and ruled upon the merits of the Department's defenses de novo. Because the trial court properly considered and ruled upon the Department's defenses, we find no error.

### II. Collateral Estoppel

The Department argues collateral estoppel barred Taylor's claim for gross negligence because the district court had already determined the officers' conduct in using the detonator was "objectively reasonable" under the Fourth Amendment

standard. The Department contends the "objective reasonableness" standard that governed the district court's analysis also applied to Taylor's gross negligence claims in state court. The Department asserts that if its conduct was objectively reasonable, as the district court determined, Taylor could not establish it failed to exercise slight care. We agree.

"The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009).

"Gross negligence is defined as 'the failure to exercise slight care.'" *Doe v. Greenville Cnty. Sch. Dist.*, 375 S.C. 63, 71, 651 S.E.2d 305, 309 (2007) (quoting *Steinke v. S.C. Dep't of Labor, Licensing & Regul.*, 336 S.C. 373, 395, 520 S.E.2d 142, 153 (1999)). "It has also been defined as 'the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do.'" *Id.* (quoting *Steinke*, 336 S.C. at 395, 520 S.E.2d at 153). "Gross negligence 'is a relative term, and means the absence of care that is necessary under the circumstances.'" *Id.* (quoting *Steinke*, 336 S.C. at 395, 520 S.E.2d at 153).

We hold the trial court erred by concluding the doctrine of collateral estoppel did not bar Taylor's gross negligence claim. In the federal case, Taylor alleged the officers' use of a detonator on the front door constituted excessive use of force in violation of the Fourth Amendment to the United States Constitution. In its report and recommendation, which the federal district court adopted in full, the federal magistrate judge analyzed this issue under the reasonableness standard of the Fourth Amendment, which required it to consider whether the actions of the officers were "'objectively reasonable' in light of the facts and circumstances confronting them." *See Graham v. Connor*, 490 U.S. 386, 397 (1989) ("As in other Fourth Amendment contexts . . . the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."); *see also id.* at 396 (stating this analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"). Thus, the federal magistrate judge was required to consider the reasonableness of

the officers' actions under the circumstances. The federal magistrate judge considered the factors suggested in *Graham* and found,

> First, the severity of the crime at issue was serious—law enforcement had regularly been called to the residence based on illegal drug activity. Second, the suspect—Terrence Taylor, and arguably everyone else in the residence based on information that all of the household were involved in drug activity—[had been] assessed to pose a threat to law enforcement officers. . . . Weapons had previously been recovered in the home. Moreover, Terrence Taylor, whom the police reasonably but erroneously suspected to be inside, was a murder suspect and known to carry weapons. The third factor—whether the suspect was actively resisting arrest or attempting to flee—has no application . . . [because] the detonator was deployed while the door was still locked prior to law enforcement's entry. Moreover, [Officers] Ezzell and Linfert consulted beforehand and decided to use a smaller (six-inch) charge rather than the usual fifteen-inch[,] more explosive charge, indicating use of a lower level of force for the circumstances presented. Based on all of this, and considering the totality of the circumstances, no reasonable jury could find that using the detonator to unlock the door was unconstitutionally excessive.

In her complaint in the present case, Taylor asserted the Department failed to "execute[] the[] search warrants of [her] home in a reasonable manner under the circumstances." To establish her claim for gross negligence in the present action, Taylor was required to show the Department failed to exercise slight care under the circumstances. *See Doe*, 375 S.C. at 71, 651 S.E.2d at 309 ("Gross negligence is defined as 'the failure to exercise slight care.'" (quoting *Steinke*, 336 S.C. at 395, 520 S.E.2d at 153)). The federal magistrate judge's determination that no reasonable jury could find the use of the detonator was constitutionally excessive required a conclusion that the officers' use of this device was objectively reasonable under the circumstances. Therefore, the federal court directly determined the officers' conduct was objectively reasonable under the circumstances, and this determination was necessary to support the federal court's ruling. The determination that the officers' conduct was objectively reasonable

under the circumstances precludes a finding that the officers failed to exercise slight care. *See Doe*, 375 S.C. at 71, 651 S.E.2d at 309 ("Gross negligence 'is a relative term, and means the absence of care that is necessary under the circumstances.'" (quoting *Steinke*, 336 S.C. at 395, 520 S.E.2d at 153)).  Because the issue of the reasonableness of the officers' conduct in the current lawsuit was actually litigated, directly determined, and necessary to support the judgment in the prior district court case, we hold the doctrine of collateral estoppel bars Taylor from relitigating this issue in the present case. *See Carolina Renewal, Inc.*, 385 S.C. at 554, 684 S.E.2d at 782 ("The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."); *see also Sigman v. Town of Chapel Hill*, 161 F.3d 782, 786-89 (4th Cir. 1998) (affirming the district court's grant of summary judgment in favor of the defendants as to the plaintiff's state law claims for negligence and wrongful death on the ground that it concluded the officer's use of force was objectively reasonable under the circumstances and therefore did not violate the Fourth Amendment); *id.* at 789 (holding "because we have concluded that [the officer's] actions were, as a matter of law, reasonable in the circumstances of this case, they cannot be negligent or wrongful").

Based on the foregoing, we hold the trial court erred by reversing its grant of the Department's motion for directed verdict.  Accordingly, the trial court's ruling reversing its grant of the Department's motion for a directed verdict and granting Taylor's motion for a new trial is

**REVERSED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decline to address the Department's remaining argument that it was entitled to sovereign immunity under the Tort Claims Act. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).